JAMES PENLEY *versus* ALVIN WHITNEY.

In an action on a *penal* statute . the declaration must allege the offence to have been done *contra formam statuti*, or in language equivalent thereto, unless the facts alleged constitute an offence or ground of action at common law.

Penal actions are not embraced in § 12 of c. 131, R. S., by which the words "contrary to the form of the statute" are made immaterial in *indictments* and *complaints*.

In a penal action, where the declaration states the offence in the language of the statute, and concludes with the words, "whereby, by force of section two, (creating the offence,) and twenty-three, (providing the remedy,) of the twenty-third chapter of the Revised Statutes of the State of Maine, an action has arisen to the plaintiff," &c., such allegation was held to be equivalent to alleging the offence to have been committed "contrary to the form of the statute."

EXCEPTIONS from the ruling of MAY, J.

This action was not upon the law docket, but comes up under the provisions of c. 77, § 18.

It was commenced before a justice of the peace, from whose judgment the plaintiff appealed. At *Nisi Prius*, the defendant filed a general demurrer to the declaration in the writ, which was joined by the plaintiff. The Court overruled the demurrer and adjudged the declaration to be sufficient; to which ruling the defendant excepted.

The action is to recover of the defendant the penalty referred to in chapter 23, §§ 2 and 23 of Revised Statutes, for allowing cattle to go at large in the highway, without a keeper.

*Record & Luce*, in support of the exceptions.

*Goddard & Goodenow, contra.*

The questions argued in this case, appear from the opinion of the Court which was drawn up by

CUTTING, J.—Since the opinion in *Lee* v. *Clarke*, 2 East's R., 333, pronounced in 1802, it has been invariably held by subsequent decisions, both *English* and *American*, that in an action on a penal statute the declaration must allege the fact

to be done *contra formam statuti,* or *in language equivalent thereto;* unless the same facts would constitute an offence or ground of action at common law; and we are not disposed, at this late day, without the aid of legislation, to obliterate so many legal monuments of the law, to avoid defects in the declaration now before us, if defects there be. A recent statute has rendered those words immaterial, in *indictments* and *complaints,* but *penal* statutes, not being therein mentioned, still retain that one attribute of legal strictness.

It has been also held, that the words, whereby and by force of the statute, an action hath accrued, &c., are not equivalent to the words, contrary to the form of the statute. But the declaration in this case proceeds further than any other controverted declaration *ever* before presented. After stating the offence in the words of the statute, it concludes in the language following:—" Whereby, by force of sections two, (creating the offence,) and twenty-three, (providing the remedy,) of the twenty-third chapter of the Revised Statutes of the State of Maine, an action has arisen to the plaintiff," &c.

Now, while we adhere to the strictly technical rule, founded on good considerations, no doubt, although difficult to be perceived by the practical and common mind, still we would not extend it, unless an omission so to do would tend to the prejudice of the defendant. Not being at present so impressed, the             *Exceptions must be overruled.*

RICE, APPLETON, GOODENOW and DAVIS JJ., concurred.